The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>     v.<br><br>ARTHUR MONTOUR, et al.,<br><br>                     Defendants. | Case No. CR09-0214 MJP<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO STRIKE FORFEITURE<br>ALLEGATIONS** |

This matter comes before the Court on Defendants' motion to strike the forfeiture allegations. (Dkt. No. 98.) The Court has considered the motion, the response (Dkt. No. 111), the reply (Dkt. No. 127), all documents submitted in support thereof, and counsel's presentations at oral argument on March 30, 2010. For the reasons set forth below, the Court DENIES Defendants' motion without prejudice to bring a new motion at a later date that complies with the rulings set forth in this Order.

**Background**

Defendants Arthur "Sugar" Montour, Peter Montour, Kenneth Hill, and Native Wholesale Supply ("NWS") have been charged with conspiracy to traffic in contraband cigarettes and trafficking in contraband cigarettes.[1] (Third Superseding Indict. ¶¶ 1-57.) In both

---

[1] The Court provides a more detailed description of the allegations in the Order analyzing Defendants' motions to dismiss the CCTA counts. (Dkt. Nos. 91, 92, 96, 97.)

1  the Second and Third Superseding Indictments, the government advances criminal forfeiture
2  allegations. (Dkt. No. 134 (Third Superseding Indict.) at 29.) For the conspiracy count, the
3  government seeks forfeiture of $4,144,370.00. (Id.) For the remaining CCTA counts, the
4  government's forfeiture requests are in the tens of thousands. (Id. (forfeiture amounts ranging
5  from $23,520.00 to $55,970.00).)

6  Defendants observe that these calculations reflect "the total value of the cartons of
7  cigarettes allegedly shipped in each count" rather than the "illegal profits from those cigarettes
8  that might be based on a failure to collect taxes or failure to comply with pre-notification." (Dkt.
9  No. 98 at 1-2.) The government does not dispute it is seeking the total value of the cigarettes at
10 issue. (See Dkt. No. 111.) Defendants move to strike the forfeiture allegations on constitutional
11 and statutory grounds.

**Discussion**

I. Legal Standard

Under Rule 12(b), a defendant may file a pretrial motion raising "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "Rule 12(b) of the Federal Rules of Criminal Procedure permits consideration of any defense which is capable of determination without the trial of the general issue." United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (quotation omitted). A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." Id. (quotation omitted). "If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact, and must be deferred." Id. If, however, the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense raised, the defense issue is properly resolved before trial. Id.

## II. Eighth Amendment

Under the Excessive Fines Clause of the Eighth Amendment, punitive forfeiture is constitutionally excessive "if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 334 (1998). In Bajakajian, a defendant attempted to leave the United States without reporting he was transporting more than $10,000.00 in currency, in violation of federal law. Id. at 324. The government sought forfeiture of the entire undeclared amount, $357,144.00, and the defendant objected under the Excessive Fines Clause. Id. Reasoning the "[r]espondent's crime was solely a reporting offense," the Court concluded that forfeiture of the entire amount of unreported currency would run afoul of the Eighth Amendment. Id. at 337.

Defendants review the statutory scheme supporting the Indictment and conclude "the critical state pre-notification law upon which the entire federal prosecution depends is . . . a regulatory law designed to track goods potentially subject to state tax." (Dkt. No. 98 at 6.) Using this formulation of the violation, Defendants conclude forfeiture of the total value of cigarettes sold would violate the rationale underlying Bajakaiian.

First, Defendants' requested relief is incommensurate with the constitutional concern raised. In their underlying motion, reply brief, and proposed order, Defendants ask the Court to strike the forfeiture allegations in their entirety. (Dkt. No. 98 at 10; Dkt. No. 127 at 4; Dkt. No. 98-2 at 1.) However, if the constitutional question is one of proportionality, then the answer cannot be framed in all-or-nothing terms. Assuming an Eighth Amendment issue exists, Defendants' remedy lies in seeking a reduction in the amount of restitution sought—not in a total elimination of restitution.[2] When confronted with the Excessive Fines Clause issue, the district court in Bajakajian imposed forfeiture in an amount lower than what the government requested.

---

[2] The Court takes no position on whether an Eighth Amendment argument actually exists. (See Dkt. No. 111 at 5 (citing United States v. Real Property Located at 22 Santa Barbara Drive, 264 F.3d 860, 874-75 (9th Cir. 2001).)

524 U.S. at 326.  Nothing in <u>Bajakajian</u> or the Eighth Amendment suggests it would be appropriate to strike all forfeiture allegations the Indictment.

Second, it would be speculative for the Court to engage in a proportionality analysis when the facts underlying the forfeiture liability have not been established.  See <u>United States v. Bulei</u>, No. 98-267-1, 1998 WL 544958, at *2 (E.D. Pa. Aug. 26, 1998) (noting that the forfeiture issue could be addressed at the time of sentencing when the government bears the burden of establishing money is subject to forfeiture).  <u>Bajakajian</u> requires the Court to weigh the forfeiture sought against the gravity of a defendant's offense.  524 U.S. at 324.  The Court declines to weigh the gravity of Defendants' offenses before they have been established in fact.

The Court rejects Defendants' Eighth Amendment argument because the relief requested is too broad and because it would be premature to engage in the requisite balancing analysis without any established facts.

   III. 18 U.S.C. § 981

Under 18 U.S.C. § 981(a)(1)(C), "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" certain sections of the Title 18 may be subject to forfeiture.  Section 981(a)(2) sets forth three alternative definitions of "proceeds," two of which are relevant here:

> (A) In cases involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes, the term "proceeds" means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.
>
> (B) In cases involving lawful goods or lawful services that are sold or provided in an illegal manner, the term "proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The claimant shall have the burden of proof with respect to the issue of direct costs. The direct costs shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

18 U.S.C. § 981(a)(2).  Defendants suggest there is a split of authority as to which subsection applies to violations of the CCTA.  Rather than argue the merits of the various decisions,

1  Defendants encourage the Court to gloss over the applicable case-law and simply apply the rule
2  of lenity as set forth in United States v. Santos, 128 S. Ct. 2020, 2025-26 (2008) (plurality op.).
3  (Dkt. No. 98 at 14.)  Santos analyzed the use of the term "proceeds" in the money laundering
4  statute, 18 U.S.C. § 1956(a)(1), and concluded the term referred to profits as opposed to receipts.
5  Id.  Unlike the statute before the Court, the money laundering statute in Santos did not define
6  "proceeds."  Thus, Santos cannot inform the Court's analysis of the statute.  See United States v.
7  Funds from First National Bank #XXXXXX1859, 639 F. Supp. 2d 1203, 1216 (W.D. Wash.
8  2009) (distinguishing Santos in the context of § 981(a)(2) analysis).  Thus, on the argument
9  presented, Defendants are not entitled to dismissal of the forfeiture allegations.  Because
10 Defendants failed to analyze the relative merits of the split of authority in their underlying
11 motion, the Court declines to reach the issue at this time.  (See Dkt. No. 98 at 13.)

12    IV. Hemi Group v. City of New York

13     Finally, Defendants submit the Supreme Court's recent decision in Hemi Group v. City
14 of New York, 130 S. Ct. 983 (2010), precludes forfeiture in this matter.  In Hemi Group, the City
15 of New York (the "City") sued an out of state seller of cigarettes under the civil RICO provisions
16 claiming Hemi Group caused the City to lose millions in tax revenue, even though such sellers
17 do not have to "charge, collect, or remit" a City tax.  The City imposed a per pack tax, which it
18 collected directly from in-state vendors or consumers.  The Supreme Court held that, because the
19 City could not show "that it lost the tax revenue 'by reason of' the alleged RICO violation," the
20 City's complaint failed to state a RICO claim.  Id. at 986.  Characterizing the offenses in the
21 present Indictment as arising from "loss of tax revenues to a party, the State of Washington, to
22 whom no defendant had any duty to pay taxes," Defendants suggest "[d]irect causation is
23 required to impose a civil penalty."  (Dkt. No. 98 at 16-18.)  Whatever the rhetorical appeal of
24 Defendants' argument, it is not grounded in the allegations of the Indictment or the language of
25 the CCTA.  Defendants are not subject to forfeiture for failing to pay taxes to the State of
26 Washington; they are alleged to have trafficked contraband cigarettes in violation of federal law.

(See Third Superseding Indict.)  The analogy to Hemi Group falls flat because the alleged harm and basis for forfeiture is different.

Nothing in the language of Hemi Group supports dismissal of the forfeiture allegations.

**Conclusion**

Defendants are not entitled to dismissal of the forfeiture allegations as a matter of law. First, their Eighth Amendment argument is premature and, even if it has merit, does not require outright dismissal of the forfeiture allegations.  Second, Defendants' argument that Santos should control this Court's interpretation of 18 U.S.C. § 981(a)(2) cannot be squared with Santos's narrow holding addressing the money laundering statute.  Third, the Supreme Court's decision in Hemi Group has no bearing on the forfeiture allegations in this case.  The Court therefore DENIES Defendants' motion (Dkt. No. 98) without prejudice to bring renewed motions on the forfeiture issue after trial.

Dated this 6th day of April, 2010.

Marsha J. Pechman
United States District Judge