The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARTHUR MONTOUR, a/k/a "Sugar Montour," PETER MONTOUR, KENNETH HILL, and NATIVE WHOLESALE SUPPLY,<br><br>　　　　　　Defendants. | Case No. CR09-0214 MJP<br><br>**ORDER SUMMARIZING RULINGS MADE AT ORAL ARGUMENT** |

On April 28, 2010, the Court heard oral argument on Defendants' motion to dismiss or continue. (Dkt. No. 211.) The Court summarizes its rulings as follows:

1. Defendants' motion to dismiss or continue is GRANTED IN PART and DENIED IN PART. The Court denied Defendants' motion to dismiss the indictment altogether, but granted Defendants' motion to continue. Defendants and Plaintiff shall meet and confer and, no later than noon on Thursday, April 29, 2010, inform the Court whether a July 29 trial date would be appropriate. The Court granted the motion to continue for two independently sufficient reasons:

  a. First, Defendants are entitled to a continuance in order to analyze new discovery from the DOR and LCB.

  b. Second, the Court finds that at least some of the evidence constitutes <u>Brady</u> evidence because it is potentially exculpatory or impeachment evidence and because it is material. The Court's confidence in the outcome of the trial would be undermined if Defendants did not have the opportunity to examine and analyze the evidence. <u>See</u> <u>United States v. Jernigan</u>, 492 F.3d 1050, 1053-54 (9th Cir. 2007) (en banc). A continuance of the trial date cures any prejudice Defendants may have suffered because of the late disclosure. The Court's reasons are set forth in the transcript of the proceedings.

2. The Court WITHDRAWS its Order (Dkt. No. 179) on certain pretrial motions. The Court will issue an amended order on (1) Defendants' motion to dismiss the substantive CCTA charges (Dkt. No. 92) and (2) Defendants Kenneth Hill and Peter Montour's motion to dismiss the aiding and abetting charges against them (Dkt. No. 96) that preserves the analysis set forth in the April 6, 2010 Order. The Court's withdrawal of its Order gives Defendants leave to revisit the issues raised in (1) Defendants' motion to dismiss the CCTA charges under the void for vagueness doctrine (Dkt. No. 91); (2) Defendants Kenneth Hill and Peter Montour's motion to dismiss them on the theory they cannot be prosecuted under the statute (Dkt. No. 97); and (3) Defendants' motion to compel disclosure of the prosecutor's instructions to the grant jury regarding the CCTA charges (Dkt. No. 93). The Court further withdraws its ruling made at oral argument on March 30, 2010 denying Defendants' motion to compel disclosure (Dkt. No. 94). Defendants must file any amended pretrial motions no later than May 28, 2010, the government may file its response no later than June 7, 2010, and the Defendants may file replies no later than June 9, 2010.

3.  To cure the <u>Brady</u> violation, the Court grants Defendants leave to depose members of the LCB and DOR.  Defendants and the government shall meet and confer and propose an Order outlining the specific scope of the depositions and identity of deponents.  The proposed order must be submitted to the Court no later than Friday, April 30, 2010.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 28th day of April, 2010.

Marsha J. Pechman
United States District Judge