The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>ARTHUR MONTOUR, et al.,<br><br>                    Defendants. | Case No. CR09-0214 MJP<br><br>**ORDER GRANTING DEFENDANT NATIVE WHOLESALE SUPPLY'S MOTION TO QUASH** |

This matter comes before the Court on Defendant Native Wholesale Supply's motion to quash portions of a subpoena. (Dkt. No. 310.) The Court has considered the motion, the government's response (Dkt. No. 335), NWS's reply (Dkt. No. 341), and all documents submitted in support thereof. For the reasons set forth below, the Court GRANTS NWS's motion to quash sections 4(b) and 4(c) of the government's subpoena. (See Dkt. No. 310 at 7.)

**Background**

On April 14, 2010, the government sent a subpoena to NWS's custodian of records seeking three categories of documents: (1) marketing agreements it had with the any co-Defendant, (2) corporate tax returns "for any governmental taxing authority, including the United

1  States, any state, and any Indian tribal authority or entity," and (3) corporate financial statements
2  "including but not limited to balance sheets, statements of assets and liabilities, income, and cash
3  flow." (Dkt. No. 310 at 7.) The subpoena directs the custodian for NWS to appear with the
4  documents on the first day of the trial. (Dkt. No. 310 at 6 (trial then scheduled for May 3,
5  2010).) NWS does not object to the production of marketing agreements, but does object to the
6  production of tax records and financial statements.

**Discussion**

Fed. R. Crim. P. 17(c) provides a "subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates." The court may "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim P. 17(c)(2). Subpoenas *duces tecum* in criminal cases are "not intended to provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. 683, 698 (1974) (citing Bowman Dairy Co. v. United States, 341 U.S. 214 (1951)). To merit production before trial, a prosecutor must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 699. Mere conclusory statements are insufficient to establish relevance and merit production under Fed. R. Crim. P. 17. See United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981).

NWS frames the issue in terms of its "undue burden," but the motion focuses on whether the evidence sought would be relevant and admissible. (See Dkt. No. 310 at 2-3.) The government has failed to articulate why NWS's corporate tax returns or financial statements are relevant to the issues at hand. While the Court recognizes that such documents "can show the financial status of the corporation," the government does not explain how NWS's financial health bears on the counts in the Indictment. (Dkt. No. 335 at 3.) Defendants will be tried for conspiracy and trafficking in contraband cigarettes; they are not charged with failing to pay taxes. The broad requests for all tax returns filed with any entity and all financial statements describing any cash flow are simply not tailored to the allegations in the Indictment, which focuses on NWS's business directed to Washington State. The government's conclusory

statements regarding relevance are insufficient to justify production.  See Eden, 659 F.2d at 1381.

The Court is careful to note that it is not quashing the subpoena based on NWS's argument that the government must only proceed to trial on the documents it presented to the grand jury.  (See Dkt. No. 310 at 2.)  NWS offers no legal support for this proposition.

## Conclusion

Because the government has failed to establish the relevance, admissibility, or specificity of the documents requested, the Court GRANTS NWS's motion to quash sections 4(b) and 4(c) of the government's subpoena.  NWS need not supply corporate tax returns or corporate financial statements as requested.  The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 21st day of July, 2010.

Marsha J. Pechman
United States District Judge