UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR MONTOUR, PETER MONTOUR, and NATIVE WHOLESALE SUPPLY,<br><br>Defendant. | CASE NO. CR09-0214MJP<br><br>**ORDER ON ARTHUR MONTOUR'S MOTION TO STRIKE AND MOTIONS TO DISMISS COUNTS 17 AND 18** |

This matter comes before the Court on Defendant Arthur Montour's motions to (1) strike perjury and obstruction allegations relating to opinions and legal conclusions (Dkt. No. 291); (2) dismiss counts 17 and 18 for failure to state an offense for lack of venue (Dkt. No. 292); and (3) dismiss counts 17 and 18 as barred by claim preclusion (Dkt. No. 293). The Court has reviewed the motions, the responses (Dkt. Nos. 326, 328, 329), the replies (Dkt. Nos. 342, 343, 344), and all other pertinent documents in the record. For the reasons set forth below, the Court (1) GRANTS IN PART and DENIES IN PART Defendant's motion to strike, (2) DENIES Defendant's motion to dismiss for lack of venue, and (3) FINDS AS MOOT Defendant's motion

to dismiss counts 17 and 18 as barred by claim preclusion. The Court further AMENDS its prior ruling on the record (Dkt. No. 163) that dismissed the false declaration charges with prejudice and now dismisses those allegations in the Second Superseding Indictment without prejudice.

**Background**

On March 30, 2010, the Court granted Defendant Arthur Montour's motion to sever counts 17, 18, and 19 and set trial for those charges on September 20, 2010. (Dkt. No. 165.) In the Third Superseding Indictment ("TSI"), the government alleges Arthur Montour, on or about February 22, 2009, signed a declaration (the "First Declaration") under penalty of perjury in support of a motion submitted by Native Wholesale Supply in the civil forfeiture case against NWS. (TSI ¶ 63.) The government alleges the First Declaration contains false statements that were "designed to convince the Court that the seized funds were not proceeds of a criminal activity, i.e., the proceeds of sales of contraband cigarettes to Blue Stilly." (Id.) In support of NWS's response to the government's motion for summary judgment in the civil forfeiture case, Arthur Montour, on or about March 23, 2009, signed another declaration under the penalty of perjury (the "Second Declaration"). (TSI ¶ 67.) The government alleges that, like the First Declaration, the Second Declaration contains a number of false statements. (Id.)

Count 17 alleges Arthur Montour committed perjury, in violation of 18 U.S.C. § 1621(2), when he made certain statements in the First Declaration. (TSI ¶ 70.) Count 18 charges Arthur Montour with perjury for statements made in the Second Declaration. (TSI ¶ 72.) Count 19 charges NWS and Arthur Montour of obstructing justice, in violation of 18 U.S.C. § 1503, for submitting false statements to the Court. (TSI ¶ 74.)

\\

\\

**Discussion**

I.   18 U.S.C. § 1621

Before analyzing Defendants' motions, the Court sets forth the law of the counts at issue. The relevant perjury statute provides:

> Whoever . . .
>  (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury . . .

18 U.S.C. § 1621. The model jury instruction requires the government to prove the following elements beyond a reasonable doubt:

> First, the defendant testified under oath orally or in writing that [specify false testimony];
> Second, the testimony was false, with all of you agreeing as to which statement was false;
> Third, the false testimony was material to the matters before [e.g., the grand jury]; that is, the testimony had a natural tendency to influence, or was capable of influencing, the actions of [e.g., the grand jury]; and
> Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

Ninth Cir. Model Instruction 8.110. With this backdrop, the Court turns to Defendant's motions.

II.   Venue

Defendant is not entitled to dismissal of Counts 17 and 18 for lack of venue. The Constitution enshrines the right of appropriate venue: "The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment also contemplates trial "by an impartial jury of the State and district wherein the crime shall have been committed." Fed. R. Crim. P. 18 reduces these constitutional commands to the requirement that "prosecution shall be had in a district in which the offense was

committed." "The *locus delecti* of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999) (citations and internal quotations omitted).

In United States v. Savoy, a district court in Maryland held that venue was proper for a § 1621 count in Maryland even when the allegedly false statements were made in declarations written and signed in New Jersey. 38 F. Supp. 2d 406, 414 (D. Mar. 1998). The Savoy court relied on the materiality element of § 1621, which required the government to prove "that his declaration had a natural tendency to influence or was capable of influencing the federal district court to which it was addressed." Id. (citations omitted). Because materiality could "be proved only by showing their occurrence in the District of Maryland," the court held venue was proper in that district. Id. In contrast, the district court in United States v. Hersch held that venue for a § 1621 charge was improper in the Eastern District of Virginia when the defendant allegedly offered the perjurious statements in a deposition held in Florida. 850 F. Supp. 483, 484 (E.D. Va. 1994). That court simply reasoned that perjury involves no more than "lying under oath" and that the act was complete in Florida. Id. at 488.

The Court is persuaded by the rationale in Savoy and finds venue is appropriate in this district even though Mr. Montour allegedly signed the declarations in New York. The government bears the burden to establish materiality in terms of the testimony's natural tendency to influence the decision-maker. See Ninth Cir. Model Instruction No. 8.110; see also United States v. Dippolito, 433 F.2d 1049, 1050 (9th Cir. 1970). Whether the statements had any tendency to influence this Court necessarily depends on the nature of the proceeding in this District. Thus, the "nature of the crime" supports venue in this district. Rodriguez-Moreno, 526 U.S. at 279.

III. Opinions and Legal Conclusions

Defendants Montour argues certain statements should be stricken from the indictment because they are legal conclusions not susceptible to factual proof. (Dkt. No. 291.) With the exception of the statement relating to sales "within the jurisdiction of the State of Washington," the Court denies Defendant's requested relief.

In United States v. Endo, the Fourth Circuit reversed a perjury conviction when a defendant was asked the question "are you guilty?" and gave inconsistent answers. 635 F.2d 321, 323 (4th Cir. 1980). The Endo court distinguished adjudicative facts, which "pertain to who did what, where, when, how and with what motive or intent," from ultimate facts, which "concern the legal definitions and effects ascribed to the basic facts or combinations of basic facts as found." Id. (citations and quotations omitted). The Endo court reasoned that "[g]uilt is a question of legal status; a defendant is not guilty until a judge or jury has so declared." Id. Accordingly, when the question was asked before the defendant had been convicted, the response was given "with no underlying factual component." Id.; see also Goble v. State, 766 N.E. 2d 1, 7-8 (Ind. App. 2002) (statements that a judge "issued an invalid Order by Trespass" and was "acting in administrative, or ministerial capacity as a common outlaw in place of special judge" could not form the basis for a perjury prosecution).

Where terms have multiple interpretations or lay meanings, courts have declined to dismiss perjury charges in reliance on Endo. For instance, in United States v. Long, the Third Circuit reversed a dismissal of perjury charges based on statements by a defendant that he never offered a "bribe, kickback or payoff." 534 F.2d 1097, 1100 (3d Cir. 1976) (internal quotations omitted). The court ruled that the terms "are words of common currency which form part of the vocabulary of almost any American in his teens or older." Id. Likewise, the Seventh Circuit

declined to dismiss a perjury claim based on a defendant's use of the term "stock manipulation" because "[a]n answer relating to a term susceptible of various meanings can be found perjurious so long as the jury can adequately assess from the testimony the defendant's understanding of the term and thus the falsity of his or her statements with respect to that term." United States v. Scop, 940 F.2d 1004, 1012 (7th Cir. 1991)

Defendants submit the following statements are legal opinions that cannot be subject to a perjury or obstruction charge:

> 1. "Specifically, NWS does not sell products within the jurisdiction of the State of Washington, nor has it ever contracted to do so." (TSI ¶¶ 70(a), 74(a)(3).)
> 2. "If cigarettes imported by NWS were shipped to Washington State, they were shipped there pursuant to the instruction or direction of persons beyond NWS's control and for whom NWS is not, and cannot, be held responsible." (Id. ¶¶ 72(e), 74(b)(8).)
> 3. "NWS does not exercise any control over its production subsequent to their sale to third parties." (Id. ¶ 74(a)(1).)
> 4. "Any sale of cigarettes by Isleta was done beyond the control or direction of NWS." (Id. ¶ 74(a)(8).)
> 5. "NWS does not retain, nor does it exercise, any ownership or control over products, including products sold to Isleta, subsequent to their sale." (Id. ¶ 74(b)(1).)
> 6. "NWS does not control how the FTZ labels its shipments, nor does it direct the FTZ regarding shipments originating from the FTZ." Id. ¶ 74(b)(7).)

(See Dkt. No. 291 at 4.) Just as "bribe, kickback, or payoff" have lay-meanings, the terms "contracted," "directed," and "control" have non-legal meanings. A jury may determine the falsity of the statement in light of Defendant's understanding of the terms. The only statement listed in the indictment that crosses the line from adjudicative to ultimate facts is the statement that "NWS does not sell products within the jurisdiction of the State of Washington." (TSI ¶¶ 70(a), 74(a)(3).) The question of whether a state may exercise jurisdiction is purely legal and the jury cannot be expected to evaluate the falsity of the statement simply from the Defendant's

understanding of the term.  The Court therefore strikes sub-paragraphs 70(a) and 74(a)(3) from the TSI.  The Court denies Defendant's motion with respect to all other statements identified.

### IV. Claim Preclusion

Defendant Montour's final motion to dismiss argues Counts 17 and 18 are barred by the doctrine of claim preclusion because the Court dismissed the false declaration charges in the Second Superseding Indictment "with prejudice." (Dkt. No. 293.)  Under the claim preclusion analysis, the Court must consider whether the prior ruling operated as a "final judgment on the merits." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Mr. Montour suggests the Court intended its earlier dismissal to operate as a judgment on the merits because it dismissed the counts in the second superseding indictment "with prejudice."  The exchange from the hearings was as follows:

> Mr. Calfo:  …And so the answer to the question, Your Honor, is we think the court should issue an order dismissing the false declaration charges with prejudice.
> The Court: Does the government want to respond to that?
> Ms. Dimke: Your Honor, as we mentioned in that telephone conference where the court raised this issue, the government has no intention of resurrecting the prior counts.  At this point the government would move to dismiss counts 17 through 23 of the second superseding indictment.
> Mr. Calfo: We stipulate, Your Honor. I do ask that it be entered with prejudice.
> Ms. Dimke: Your Honor, the government has no intention of resurrecting them.  New charges are in place.  I don't think it matters one way or the other.
> The Court: Well, if you're not going to use it, there is no reason not to do it that way.  I'll dismiss them with prejudice.  I had a whole opinion ready to do that when we started all this.  Okay.  That's done.  What's next?

(See Dkt. No. 360, Transcript at 136-37.)  Thus, the context of the Court's dismissal "with prejudice" makes it appear as if the Court understood the indictment had been superseded and new charges were operative.  The parties do not dispute that the Court has the discretion to reconsider its dismissal "with prejudice" if it did not intend to adjudicate the issue on the merits.

(See Dkt. No. 360 at 2.) The Court therefore amends its prior order and dismisses the false declaration charges from the second superseding indictment without prejudice. This amendment renders Defendant's motion moot.

**Conclusion**

The Court ORDERS as follows:

1. Defendant's motion to dismiss for lack of venue (Dkt. No. 292) is DENIED.

2. Defendant's motion to strike certain perjury and obstruction allegations (Dkt. No. 291) is GRANTED IN PART with respect to sub-paragraphs 70(a) and 74(a)(3), but DENIED IN PART as to all other allegations referenced.

3. The Court AMENDS its prior dismissal of the false declaration charges. The Court dismisses the false declaration charges in the Second Superseding Indictment WITHOUT PREJUDICE. In light of the Court's amendment, Defendant's motion to dismiss on the doctrine of claim preclusion (Dkt. No. 293) is MOOT.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 12th day of August 2010.

Marsha J. Pechman
United States District Judge